**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MADELINE SUE EWING,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )  CIVIL ACTION |
| v. | ) |
| | )  Case No: 11-CV-02446-JAR-DJW |
| | )At |
| **ANDY FRAIN SECURITY COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

Pending before the Court is Defendant's Motion for More Definite Statement (ECF No. 9). Specifically, Defendant moves under Fed. R. Civ. P. 12(e) for an order requiring Plaintiff to make a more definite statement regarding the allegations in her Employment Discrimination Complaint. Plaintiff has timely filed her response, and Defendant has filed its reply. For the reasons stated herein, the motion is granted.

Plaintiff filed her Complaint, *pro se*, using the Court's standard form provided to *pro se* plaintiffs. The allegations in Plaintiff's Complaint appear to allege employment discrimination by Defendant based on Plaintiff's "Race White," age, "sex, religion, retaliation, etc.*"*[1] Plaintiff states such alleged discrimination occurred "July 2009 & Jan. 11, 2010, etc."[2] Plaintiff states that the conduct complained of in her Complaint involves termination of her employment, retaliation, and other conduct, including "abuse at work; they didn't pay medical & some wages also."[3] In paragraph

---

[1] Complaint, ¶ 1.

[2] *Id.* at ¶ 3.

[3] *Id.* at ¶ 8.

10 of the Complaint form, Plaintiff is required to state the essential facts of her claim. She states, "I was abused verbally & bodily at work by supervisors Wylee, Reggie, Tran and Ms. Wilson, etc."[4]

Defendant contends that Plaintiff's Complaint is "defectively vague and ambiguous" such that Defendant is unable to frame a responsive pleading to it. Defendant recognizes that Plaintiff appears *pro se* and thus is held to a less stringent pleading standard than pleadings drafted by lawyers, citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While acknowledging this lesser pleading standard, Defendant seeks a more definite statement on the following issues: (1) based upon the way Plaintiff filled out the complaint form, it is difficult to discern which specific claims Plaintiff intends to allege; and (2) the facts alleged in the complaint form are simply too limited, vague, and ambiguous for Defendant to frame a response.

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion for a more definite statement should not be granted merely because the pleading lacks detail.[5] Rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission.[6] The discovery process should be use to learn additional details with respect to the claims.[7] The decision whether to grant or deny a motion for a more definite statement of a pleading rest within

---

[4] *Id.* at ¶ 10.

[5] *Creamer v. Ellis County Sheriff Dept.*, No. 08-4126-JAR, 2009 WL 484491, at *1 (D. Kan. Feb. 26, 2009) (citation omitted).

[6] *Id.* (citation omitted).

[7] *Id.* (citation omitted).

2

the sound discretion of the court.[8]  Due to the minimal pleading requirements of the Federal Rules of Civil Procedure, motions under Fed. R. Civ. P. 12(e) for a more definite statement of a pleading are generally disfavored by the courts and are properly granted only when a party is unable to determine the issues to which a response is required.[9]  Fed. R. Civ. P. 12(e) is designed to strike at unintelligible pleadings rather than pleadings that lack detail.[10]

Applying these standards, the Court finds the Motion should be granted because Plaintiff's causes of action and factual bases are not clearly stated.  With respect to the causes of action alleged, the Court has carefully reviewed Plaintiff's complaint and finds that Plaintiff has insufficiently filled out the form to enable Defendant to discern which claims Plaintiff intends to assert.  While the complaint form at Paragraph 1 specifically instructs Plaintiff to "check all the boxes that apply" as to each type of claim listed, Plaintiff has checked the box next to the Age Discrimination in Employment Act, does not check the box next to Title VII, yet writes in the words "Race White" in the space provided next to Title VII.  Under the category titled "Other (Describe)" Plaintiff writes the words "sex religion retaliation etc."  To the extent that Plaintiff seeks to state a claim by including "etc.," such statement is too vague and ambiguous for Defendant to reasonably prepare a response.[11]  Similarly, in Paragraph 9, when instructed to "check all that apply" Plaintiff only checks the space next to race and notes "white not Indian or black."  However, Plaintiff also fills in

---

[8]*Id.* (citation omitted).

[9]*Id.* (citation omitted).

[10]*Id.* (citation omitted).

[11]*See*, *e.g.*, *Porter v. Duval County School Bd.*, 406 Fed. App'x. 460, 461-62 (11th Cir. 2010)(affirming district court's order for more definite statement where *pro se* plaintiff used word "etc." in pleadings).

information without checking the respective boxes as to the categories of national origin (answering "white KC female"); gender (circling "female")' age (including her birthdate); and other (answering "retaliation.") The Court finds, because Plaintiff has failed to clearly identify which causes of action she intends to bring, Defendant is unable to fully answer these allegations and include any appropriate defenses. Accordingly, Plaintiff is ordered to amend her Complaint to make a more definite statement as to Paragraphs 1 and 9.

With respect to the factual bases supporting her causes of action, Plaintiff's Complaint is likewise deficient. In Paragraph 3, Plaintiff states the alleged discrimination occurred "July 2009 & Jan. 11, 2010, etc."[12] Now in her Response, Plaintiff alleges different dates, claiming that "I was followed during off duty hrs. by coworkers ect (sic) Aug. 2011, 09 & other dates. I have more comments later." Similarly, in Paragraph 10, where Plaintiff is required to "state the essential facts" of her claim, she states "I was abused verbally & bodily at work by supervisors Wylee, Reggie, Tran and Ms. Wilson, etc."[13] In her Response, Plaintiff adds "It was supervisor Fran not Tran, supervisor Reggie Wiley & Ms. Wilson (officer guard) etc." While the Court acknowledges that Plaintiff is proceeding *pro se*, even *pro se* plaintiffs are required to frame their complaints with sufficient facts to allow the court to conclude they may be entitled to relief. "It is not enough . . . to make threadbare recitals of a cause of action accompanied by mere conclusory statements."[14] The Court finds the limited facts in the Complaint are overly vague and ambiguous. Without further clarification as to

---

[12] Complaint, ¶ 3.

[13] *Id.* at ¶ 10.

[14] *Greenlee v. Delmar Gardens of Overland Park*, 2009 WL 3126160 *3 (D. Kan. Sept. 25, 2009).

4

Plaintiff's allegations, and clear and concise statements of fact supporting those allegations of discriminatory conduct, the Court finds that Defendant is unable to respond to the Complaint so as to defend itself in this action. Thus, Plaintiff is ordered to amend her Complaint to make a more definite statement as to Paragraphs 3 and 10.

**IT IS THEREFORE ORDERED** that Defendant's Motion for More Definite Statement (ECF No. 9) is granted. Plaintiff shall have until **February 19, 2012** to file an amended Complaint which contains a more definite statement of her claims against Defendant. More specifically, Plaintiff is ordered to amend her Complaint to make a more definite statement as to paragraphs 1, 3, 9, and 10. Plaintiff is advised that if she does not file an amended Complaint, her lawsuit may be subject to dismissal.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 19th day of January, 2012.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties